MATTHEW C. MANI, ESQ., (CA State Bar No. 172679)
FREITAS McCARTHY MacMAHON & KEATING, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
Telephone: (415) 456-7500
Telecopier: (415) 456-0266
E-mail: mmani@freitaslaw.com

Attorneys for Plaintiffs

E-filing

FILED
FEB 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN MYERS and SARAH MYERS,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers and employees DOES 1 through 50, inclusive,

    Defendants.

Case No. C08-01163

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED**

BY FAX

## INTRODUCTION

On the afternoon of February 24, 2007, Plaintiffs SHAWN MYERS and SARAH MYERS, a married couple who had been on a cruise around the San Francisco Bay on the Red and White Fleet out of Pier One, waited for their car at a valet kiosk immediately adjacent to the Ferry Building. They witnessed two San Francisco Police Officers, Defendants JESSE SERNA and GARY MORIYAMA, arrive at the scene and take a young man into custody. While they were handcuffing the young man, Officer SERNA violently punched him in the lower back, and then threw the man to the ground. The young man called out for a witness to his beating, and Mr. MYERS stepped

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

1

forward, stating that he saw what would happen and would be a witness.

In response, Officer SERNA approached Mr. MYERS, told him that he was under arrest, and placed an arm bar on him. Joined by Officer Moriyama, they violently threw Mr. MYERS to the ground and arrested him, in spite of the fact that My. MYERS had done nothing to provoke any use of force or an arrest. As this event unfolded, Mr. MYERS' wife, Plaintiff SARAH MYERS, repeatedly asked the officers why they were arresting and manhandling her husband. In response, Officer Serna discharged his O.C. spray into SARAH MYERS' face, without warning or provocation, and in violation of department guidelines for such use and discharge. Officer MORIYAMA both assisted Officer SERNA in his unlawful use of force upon Mr. MYERS and stood by and failed to intervene in Officer SERNA's intolerable abuse of SHAWN MYERS and SARAH MYERS. Defendant Officers DOES stood by and failed to intervene in Defendant Officers SERNA's and MORIYAMA's intolerable abuse of Plaintiffs.

Mr. MYERS was placed in the rear of an S.F. P.D. van, shortly after which he was joined by Officer SERNA, who called him a "monkey," told him the "monkeys should be in cages," that he had an "ugly white woman," as well as making numerous other racial and derogatory comments and statements. Mr. MYERS was incarcerated in the San Francisco County Jail for seven days, and is currently fighting criminal charges which have been pursued by the CITY AND COUNTY OF SAN FRANCISCO.

Defendant Officers later lied by claiming in their police reports that Plaintiff SHAWN MYERS had threatened the officers, that Plaintiff SHAWN MYERS had resisted arrest, that Plaintiff SHAWN MYERS had assaulted and battered the officers, and the Plaintiff SARAH MYERS had attempted to assault Officer SERNA, which he claimed warranted use of his O.C. spray.

## JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, SHAWN MYERS, is and at all times mentioned herein was readily recognizable as an African-American man and he is a citizen of the United States residing in the City of Richmond, County of Contra Costa, California.

3. Plaintiff herein, SARAH MYERS, is and at all times mentioned herein was readily recognizable as a Caucasian woman and she is a citizen of the United States residing in the City of Richmond, County of Contra Costa, California.

4. Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the San Francisco Police Department.

5. At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for Defendant CITY. She is being sued in her official capacity as Chief of Police for Defendant CITY.

6. At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

7. At all times mentioned herein, Defendant GARY MORIYAMA ("MORIYAMA") was employed by Defendant CITY as a police officer. He is being sued in his official capacity as a police officer for Defendant CITY.

8. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and based thereupon allege that each defendant so named is responsible in some manner for the injuries and damages sustained herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

9. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police

officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

10. On the afternoon of February 24, 2007, Plaintiffs SHAWN MYERS and SARAH MYERS, husband and wife, went on a cruise on the Red and White Fleet out of Pier 1 in San Francisco. Following the cruise, the couple exited the ferry and walked to a valet kiosk in the parking lot immediately adjacent to the San Francisco Ferry Building and stood in line, waiting to pay for and pick up their vehicle.

11. As they stood in line, they saw a white car pull to the curb and park. The three occupants exited the car and walked past the couple and out of their sight.

12. Shortly thereafter, a marked San Francisco Police van pulled to the curb in front of the white car. Two officers, later determined to be Defendants SERNA and MORIYAMA, exited the van, examined the white car, and then began to look around the immediate area in an apparent attempt to locate the occupants. The officers, particularly Officer SERNA, appeared very angry and loudly used profanity while looking around.

13. Shortly thereafter, the driver of the vehicle returned to the vehicle, where he was confronted by Defendants SERNA and MORIYAMA. Officer SERNA grabbed the man, placed his arms behind his back, and handcuffed him. During the cuffing, Defendant SERNA violently struck the man in the right lower back with his fist, causing him to groan in response. SERNA and Moriyama then threw the man to the ground. The man called out to the bystanders, asking if anyone was what the officers were doing to him, and whether anyone would testify about the conduct of the officers.

14. SHAWN MYERS, shocked and upset by what he was witnessing, stepped forward, and stated that he had witnessed what was going on.

15. In response, Defendant SERNA pushed up off of the man, aggressively approached SHAWN MYERS, and told him that he was under arrest for a felony, and that he was going to jail. Defendant SERNA then grabbed SHAWN MYERS around the throat and threw him to the ground in a prone position. Officer SERNA had one knee in the back of SHAUN MYERS' neck and the other

in his lower back while placing him in an "arm bar." Officer MORIYAMA assisted with this treatment and assault. During this assault, SHAWN MYERS asked repeatedly why the Officers were doing this to him, receiving no response.

16. Plaintiff SARAH MYERS, witnessing this shocking, unwarranted and brutal treatment of her husband, she also asked why the officers were doing this to him. In response, and without provocation, warning, or any verbal communication at all, Officer SERNA turned and discharged his O.C. canister in SARAH MYERS' face. She was immediately in agony and unable to see, having trouble breathing as her face and mouth burned. She sat on the ground and listened as her husband pleaded with the officers to release his arm and stop their attack.

17. Some minutes later, an unknown third officer arrived and poured some fluid over SARAH MYERS' face to provide some relief of the burning and effects of the O.C. spray.

18. SHAWN MYERS was placed in the rear on a police van. While he was being arrested, Officer SERNA repeatedly referred to him as "boy." When SHAWN MYERS was in the back of the van and handcuffed, Officer SERNA entered and began verbally abusing him, calling him a "monkey," telling him that "monkeys belong in cages," telling him, "that's an ugly looking white woman you got there. Couldn't you get a prettier one?" And, in response to SHAWN MYERS informing him that he was a husband and father, telling him, "You probably don't even know how many illegitimate kids you got."

19. SHAWN MYERS was transported to the San Francisco jail at 850 Bryant Street after being falsely arrested on fabricated charges, where he was held until posting bail some 6 days later. He was charged with a felony violation of California Penal Code Section 69, since dismissed; a misdemeanor violation of California Penal Code Section 69; a misdemeanor violation of California Penal Code Section 243(b); and a misdemeanor violation of California Penal Code Section 148(a)(1). His case is set for trial in March of 2008.

20. SARAH MYERS was falsely arrested on fabricated charges that she resisted, obstructed or delayed a police officer in the performance of their duties. She handcuffed at the scene and left for many minutes on the back of a fire truck that responded to the area. She was then placed in the rear of a police patrol car and transported to Central Station, where her hands were cuffed

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

behind her to a wall and she was left for many more minutes. She was ultimately cited and released that evening. No charges were filed against SARAH MYERS.

21. The arrest of Plaintiffs on or about February 24, 2007 was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiffs' damages.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of their civil rights.

23. As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendant Officer SERNA, and DOES 1-10)**

24. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25. In doing the acts complained of herein, Defendants SERNA, MORIYAMA and DOES 1 through 15, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Against Defendants CITY, HEATHER FONG, and DOES 16-30)**

26. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Plaintiffs are informed and believes and thereon alleges that high ranking City of

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

6

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 16 through 30, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, MORIYAMA, and DOES 1-15, and/or each of them.

28. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants FONG, DOES 16-30, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

29. Plaintiffs are further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA, MORIYAMA and DOES 1-15, and/or each of them, Defendants FONG, DOES 16-30, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

30. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 16-30, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

31. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

7

## THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

32. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33. As against Defendant CITY, Defendant FONG and/or DOES 16-30 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

34. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 16-30, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 16-30, and each of them.

35. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them.

36. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

37. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, MORIYAMA, DOES 1-15, and/or each of them.

38. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 16-30, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

39. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Assault and Battery)**
**(Against Defendants SERNA, MORIYAMA and DOES 1-15)**

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41. Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

42. These defendants' conduct was neither privileged nor justified under statute or common law.

43. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

9

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (False Imprisonment)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

44. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, falsely imprisoned Plaintiffs without probable cause. Plaintiffs had not committed any of the crimes with which they was cited, and there was no basis upon which defendants could have reasonably believed that plaintiffs had committed any of the crimes with which they were cited.

46. Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiffs without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiffs without probable cause, and in using excessive and unnecessary force against plaintiffs while they falsely imprisoned them.

47. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

48. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this Complaint.

49. The conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

50. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

51. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 50 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

52. The wrongful conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

53. As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Violation of Civil Code Section 51.7)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

54. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

55. Plaintiffs are informed and believes and thereon allege that the conduct of Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, as described herein, was motivated by racial prejudice against plaintiffs. Plaintiff SHAWN MYERS is and was readily recognizable as African-American. In engaging in such conduct, defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of SHAWN MYERS' race.

56. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

57. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Plaintiff against Defendants SERNA, MORIYAMA and DOES 1-15)

58. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this Complaint.

59. The conduct of Defendants SERNA, MORIYAMA and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiffs.

60. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

61. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

62. Plaintiffs are entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants SERNA, MORIYAMA and DOES 1-15)

63. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 62 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64. At all times herein mentioned, Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

65. As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants CITY and DOES 16-30)

66.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 65 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

67.     At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, DOES 16-30, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY and DOES 16-30, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. CITY and DOES 16-30, inclusive, breached their duty of care to citizens in that CITY and DOES 16-30, inclusive, failed to adequately train its police officers, including Defendants SERNA, MORIYAMA and DOES 1-15, inclusive, in the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable detentions by police officers employed by CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

68. As a proximate result of defendants CITY and DOES 16-30, inclusive's negligent conduct, plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

69. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

FOR PLAINTIFF SHAWN MYERS:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant CITY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

FOR PLAINTIFF SARAH MYERS:

10. For general damages in a sum of $500,000.00;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

15

11. For special damages in a sum according to proof;

12. For punitive damages in a sum according to proof;

13. For injunctive relief enjoining Defendant CITY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

14. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

15. For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

16. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

17. For cost of suit herein incurred; and

18. For such other and further relief as the Court deems just and proper.

Dated: February 26, 2008

FREITAS, McCARTHY, MacMAHON & KEATING

By: _____
Matthew C. Mani
Attorneys for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
SHAWN MYERS and SARAH MYERS

### DEFENDANTS
CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, JESSE SERNA and GARY MORIYAMA

**(b)** County of Residence of First Listed Plaintiff  CONTRA COSTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAN FRANCISCO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MATTHEW C. MANI, ESQ.
FREITAS, McCARTHY, MacMAHON & KEATING, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901

Attorneys (If Known)

**BY FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury — Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument |  | 365 Personal Injury — Product Liability |  | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | 630 Liquor Laws | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other |  | 810 Selective Service |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 791 Empl. Ret. Inc. Security Act |  | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other |  | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
|  | [x] 440 Other Civil Rights | 555 Prison Condition | 462 Naturalization Application |  |  |
|  |  |  | 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Police deprivation of constitutional and civil rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 1,500,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". C 07 02460 JL; C 07 2718 WAB; C 07 2941 PJH

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: 02/26/08
SIGNATURE OF ATTORNEY OF RECORD

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

SHAWN MYERS and SARAH MYERS,

Plaintiffs,

V.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers and employees DOES 1 through 50, inclusive, Defendants.

SUMMONS IN A CIVIL CASE

CASE NUMBER: **C08-01163**

TO: (Name and address of defendant)

CITY AND COUNTY OF SAN FRANCISCO
HEATHER FONG
JESSE SERNA
GARY MORIYAMA
c/o The City and County of San Francisco
City Hall, 1 Dr. Carlton B. Goodlett Pl, Room 200
San Francisco, CA 94102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Matthew C. Mani, Esq.
FREITAS, McCARTHY, MacMAHON & KEATING, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

CYNTHIA LENAHAN

_____
(BY) DEPUTY CLERK

FEB 2 7 2008
DATE _____