1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:      (415) 554-3863
6  Facsimile:      (415) 554-3837
   E-Mail:          sean.connolly@sfgov.org
7
   Attorneys for Defendants,
8  CITY AND COUNTY OF SAN FRANCISCO ET AL.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  SHAWN MYERS and SARAH MYERS,           Case No. C08-01163

14            Plaintiffs,                   **DEFENDANTS' [OFFICER JESSE
                                            SERNA AND OFFICER GARY
15        vs.                               MORIYAMA] ANSWER TO
                                            COMPLAINT**
16  CITY AND COUNTY OF SAN
    FRANCISCO, a municipal corporation;
17  HEATHER FONG, in her capacity as        **DEMAND FOR JURY TRIAL**
    Chief of Police for the CITY AND
18  COUNTY OF SAN FRANCISCO; JESSE
    SERNA, individually, and in his capacity
19  as a police officer for the CITY AND
    COUNTY OF SAN FRANCISCO; GARY
20  MORIYAMA, individually and in his
    capacity as a police officer for the CITY
21  AND COUNTY OF SAN FRANCISCO;
    and San Francisco police officers and
22  employees, DOES 1 through 50, inclusive,

              Defendants.
23

24

25        Defendants Officers Jesse Serna and Gary Moriyama (hereinafter referred to as "Defendants")

26  respond to the Complaint filed by plaintiffs as follows:

27  / / /

28  / / /

Defendants Serena and Moriyama's Answer          1          n:\lit\li2008\080047\00488110.doc
CASE NO.  C08-01163 EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTIONAL AND PARTY ALLEGATIONS

1.      In response to paragraph 1 of plaintiffs' complaint, defendants admit this court has jurisdiction over this lawsuit, but denies any unlawful act was committed in this jurisdiction, except by plaintiffs.

2.      In response to paragraphs 2-9, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations, except for paragraphs 4-7, which defendants admit.

## STATEMENT OF FACTS

3.      a.      In response to paragraphs 10-11 (statement of facts) defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

b.      In response to paragraph 12, defendants admit, except as to the last sentence, which they denty.

c.      In response to paragraph 13, defendants admit in part and deny in part.  The defendants admit they interacted with "the driver," who resisted arrest.  Defendants did ultimately arrest "the driver," but deny the other characterizations in this paragraph.

d.      In response to paragraph 14, the defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

e.      Defendants deny the allegations of paragraph 15.

f.      Defendants deny the allegations of paragraph 16, and further lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

g.      In response to paragraph 17, the defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

h.      In response to paragraph 18, defendants deny.

1           i.     In response to paragraphs 19-23, the defendants lack information sufficient to

2    enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis,

3    defendants deny the allegations.

4

5              **LEGAL CLAIMS**

6        4.    Responding to the allegations in plaintiffs' FIRST CAUSE OF ACTION (against

7    Serna and Does), contained in paragraphs 24- 25, of the complaint, defendants lack information

8    sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that

9    basis, defendants deny the allegations.

10        5.    Responding to the allegations in plaintiffs' SECOND CAUSE OF ACTION (against

11    the City and Chief Fong), contained in paragraphs 26- 31, of the complaint, defendants rely on

12    codefendant previous answer and deny.

13        6.    Responding to the allegations in plaintiffs' THIRD CAUSE OF ACTION (against the

14    City), contained in paragraphs 32- 39, of the complaint, defendants rely on codefendant previous

15    answer and deny.

16        7.    Responding to the allegations in plaintiffs' FOURTH CAUSE OF ACTION (against

17    Serna, Moriyama and Does), contained in paragraphs 40-43, of the complaint, defendants deny.

18        8.    Responding to the allegations in plaintiffs' FIFTH CAUSE OF ACTION (against

19    Serna, Moriyama, and Does), contained in paragraphs 44-47, of the complaint, defendants deny.

20        9.    Responding to the allegations in plaintiffs' SIXTH CAUSE OF ACTION (against

21    Serna, Moriyama, and Does), contained in paragraphs 48-50, of the complaint, defendants deny .

22        10.    Responding to the allegations in plaintiffs' SEVENTH CAUSE OF ACTION (against

23    Serna, Moriyama and Does), contained in paragraphs 51-53, of the complaint, defendants deny.

24        11.    Responding to the allegations in plaintiffs' EIGHTH CAUSE OF ACTION (against

25    Serna, Moriyama and Does), contained in paragraphs 54-57, of the complaint, defendants deny.

26        12.    Responding to the allegations in plaintiffs' NINTH CAUSE OF ACTION (against

27    Serna, Moriyama and Does), contained in paragraphs 58-62, of the complaint, defendants deny.

28

13.     Responding to the allegations in plaintiffs' TENTH CAUSE OF ACTION (against Serna, Moriyama and Does), contained in paragraphs 63-65, of the complaint, defendants deny.

14.     Responding to the allegations in plaintiffs' ELEVENTH CAUSE OF ACTION (against the City and Does), contained in paragraphs 66-68, defendants deny.

## DAMAGES

15.     Responding to the allegations in plaintiffs' prayer of the complaint, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in those paragraphs, and, on that basis, defendants deny the allegations.

16.     Defendants further deny any allegation inadvertently unaddressed, and any and all prayer for damages.

17.     Defendants join in plaintiffs' request for jury trial.

## AFFIRMATIVE DEFENSES
## SEPARATE AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendants.

## SECOND AFFIRMATIVE DEFENSE
(Assumption of Risk - Peril)

Defendants allege that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Defendants allege that plaintiffs had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

said complaint; and that the loss or damage, if any, sustained by plaintiffs was caused by said risks that were accepted and voluntarily assumed by plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related statutes.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

## SEVENTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendants claim the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

Defendants Serena and Moriyama's Answer
CASE NO.  C08-01163 EMC
5
n:\lit\li2008\080047\00488110.doc

**TENTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to file Claim)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

/ / /

/ / /

/ / /

1
2
3
4
5

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

6
7

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8
9

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Res Judicata)

10
11

To the extent plaintiffs' failure to file a claim bars this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

12
13

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

14
15
16
17

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that at all times and places mentioned in the First Amended Complaint, defendants acted without malice and with a good faith belief in the propriety of its conduct.

18
19

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

20
21

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendants allege that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiffs.

22
23

**NINETEENTH AFFIRMATIVE DEFENSE**

(Privilege)

24
25
26

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants allege that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

27

/ / /

28

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE
(Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants assert the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Public Liability Act)

Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendants' duties and liabilities in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Immunity: Exemplary Damages)

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Plaintiffs' Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiffs' Complaint herein, plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiffs' claim is barred.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiffs' claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

/ / /

/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Privilege)

Defendants allege that if in fact any force was used by defendants against the plaintiffs herein said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the plaintiffs by and the employees of the City, if any, was privileged and justified.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent in and about the matters and activities alleged in the Complaint; that plaintiffs' negligence contributed to and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs are entitled to recover damages against San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiffs.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE
(Arrest)

Defendants allege that if in fact any force was used to effect the arrest of the plaintiffs herein by the named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Resisting Arrest)

Defendants allege that plaintiffs herein were under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist their arrest; that plaintiffs breached their duty even though they knew or by the exercise of reasonable care should have known that they were being arrested by a peace officer; that as a direct and proximate result of plaintiffs' breach of this duty he is barred from recovery for any loss or damage they may have incurred, if any there be.

1

### THIRTIETH AFFIRMATIVE DEFENSE
(Plaintiffs Assaulted Police)

2

Defendants allege that at all times mentioned in plaintiffs' Complaint herein,

3

plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the

4

persons of the arresting officers; that it became and was necessary to use force on the person of the

5

decedent to defend said arresting officers from said violent assault on their persons; that the injuries,

6

if any, and damages, if any, incurred by plaintiffs were proximately caused by the necessary use of

7

said reasonable force on the person of plaintiffs and not otherwise; and that by reason of plaintiffs

8

instituting said vicious and violent assault on the persons of said arresting officers, plaintiffs' failure

9

and refusal to desist from continuing said assault, and the consequent necessity to use reasonable

10

force to defend said arresting officers from said assault, plaintiffs' claim, if any, is barred by law.

11

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Prevent Injury/Escape)

12

13

Defendants allege that no more force was used on plaintiffs' person than was necessary to

effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the

14

officers and the public and to facilitate and safeguard a valid police investigation.

15

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

16

17

Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified

18

immunity.

19

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Immunity for Failure to Provide Medical Care to a Prisoner)

20

Defendants allege that, under Government Code section 845.6, San Francisco is immune from

21

liability for any inadequate medical care plaintiff may have received while in custody.

22

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Immunity from Injury Caused by Person Resisting Arrest)

23

24

Defendants allege that, pursuant to Government Code section 845.8, San Francisco is immune

25

from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

26

///

27

///

28

///

Defendants Serena and Moriyama's Answer
CASE NO.  C08-01163 EMC

10

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Immunity:  Exemplary Damages)

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary

damages herein pursuant to Section 818 of the California Government Code.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that the plaintiff has failed to allege facts in the Complaint sufficient to

state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and

particularly its police officers.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(City and County of San Francisco Not a Proper Party)

Defendants allege that plaintiff has failed to allege sufficient, specific facts against San

Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
(Mutual Combat)

Defendants allege that plaintiff/decedent had full knowledge of the risks involved in the

mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiffs

voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

said complaint, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks,

which were accepted and voluntarily assumed by he when she engaged in said activity.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
(Self Defense)

Defendants allege by way of a plea of self defense that defendant employee honestly and

reasonably believed that plaintiffs were about to inflict harm upon them and that the use of force, if

any, was done reasonably and in self-defense.

### FORTIETH AFFIRMATIVE DEFENSE
(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence,

as they have breached no duty of care owed to plaintiffs.

WHEREFORE, defendants prays for judgment as follows:

1.      That plaintiffs take nothing from defendants;

1    2.    That the complaint be dismissed with prejudice;

2    3.    That defendants recover costs of suit herein, including attorneys' fees; and for such

3    other relief as is just and proper.

4    Dated:  June 2, 2008

5                                    DENNIS J. HERRERA
                                     City Attorney
6                                    JOANNE HOEPER
                                     Chief Trial Deputy
7

8                         By:    s/Sean Connolly
                                 SEAN F. CONNOLLY
9                                Deputy City Attorney

10                               Attorneys for Defendants CITY AND COUNTY OF
                                 SAN FRANCISCO, et al.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28