1  Robert C. Cheasty, Esq. # 85115
   Law Offices of Cheasty & Cheasty
2  1604 Solano Avenue
3  Berkeley, CA 94707
   Telephone: (510) 525-1000
4
   Attorneys for Plaintiffs Jamal Jackson; Jannie Mendez
5  (in Action No.4:08-cv-01916-SBA)
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| This document relates to: | NO. C-08-01163 MEJ |
|---|---|
| Shawn Myers; Sarah Myers<br>Plaintiffs,<br>v.<br>City And County Of San Francisco, et al.,<br>Defendants | ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br>[Civ. L.R. 3-12] |
| Jamal Jackson; Jannie Mendez,<br>                    Plaintiffs,<br>v.<br>City and County Of San Francisco, a municipal corporation; Heather Fong, in her capacity as Chief of Police for the City and County Of San Francisco; Jesse Serna, individually, and in his capacity as a police officer for the City and County Of San Francisco; Gary Moriyama, individually and in his capacity as a police officer for the City and County Of San Francisco; and San Francisco police officers and employees DOES 1 through 50, inclusive,<br>                    Defendants. | NO. 4:08-cv-01916-SBA |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD.

   Pursuant to Local Rule 3-12, plaintiffs Jamal Jackson and Jannie Mendez respectfully submit this administrative motion to relate this case to the earlier-filed case in this District, Myers v. City and County of San Francisco, et al., Case C08-01163-MEJ ("Myers") should be related to

---
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED        -1-

another case filed in this District, Jackson v. City & County of San Francisco, No. 08-01916 SBA.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **The Two Cases Involve the Same Facts and Parties– What Happened on February 24, 2007 at the Ferry Building When:**
 – **Officer Serna Was Beating Plaintiff Jackson During His Arrest;**
 – **Plaintiff Shawn Myers Was Attempting to Help and the Viciously Beaten by Serna; and**
 – **Plaintiffs Mendez and Sarah Myers Were Chemically Sprayed and Arrested on Trumped Up Charges.**

This action and the earlier-filed Myers action are 1983 civil rights actions against the <u>exact same Defendants</u> (the City and County of San Francisco, Police Chief Heather Fong, Officer Jesse Serna, Officer Gary Moriyama) for the <u>exact same incident</u> in front of the <u>exact same witnesses</u>. These cases arise out of the same incident, on February 24, 2007 in which defendant Defendants San Francisco police officers JESSE SERNA and GARY MORIYAMA used excessive force in taking plaintiff Jamal Jackson, an African-American college student, into custody at a parking lot at Fisherman's Wharf in San Francisco – all starting with <u>SERNA's use of excessive force.</u>

SERNA and MORIYAMA were responding to a traffic dispute complaint. Officer Jesse SERNA is a very bad apple in the police department, with a sordid history of violence and excessive force on duty, of racist comments and attitudes used against those whom he has assaulted.

Mr. Jackson and his girlfriend – plaintiff JANNIE MENDEZ - had driven to meet up with some friends who worked at the parking lot. SERNA and MORIYAMA arrived shortly thereafter. Mr. Myers and his wife were bystanders who happened to be waiting to pick up their car at the parking lot when Mr. Jackson arrived and when Officers SERNA and MORIYAMA arrived. Mr. and Mrs. Myers had never met Mr. Jackson and his girlfriend, Ms. Mendez, before. They had never had prior contact with SERNA or Moriyama before either. Before long, Shawn Myers, Sarah

Myers, Jamal Jackson and Jannie Mendez had all been assaulted and battered, humiliated, falsely accused, arrested by SERNA as set forth in the almost identical *Myers* and *Jackson* complaints.

Mr. Jackson was punched in the kidney and thrown to the ground by SERNA. Mr. Myers (also African American) was physically assaulted, battered, handcuffed and thrown to the ground by SERNA for saying he had seen what SERNA did to Jackson and offering to be a witness. Both Mrs. Myers and Ms. Mendez were chemically sprayed by SERNA as they watched in horror as SERNA was battering Mr. Myers, and then were manhandled and taken into custody on trumped up charges. More outrageous, SERNA then got to Mr. Jackson in the back of squad car and beat him while Jackson was in handcuffs. Eventually Mr. Myers and Mr. Jackson were arrested, jailed and charged with false charges. Because of the dishonorable lies by SERNA and MORIYAMA, both Mr. Jackson and Mr. Myers were falsely charged were put into the same jail cell and kept there and brought to criminal court in the same criminal case as co-defendants despite there having been no criminal conduct at the scene of the parking lit except that by SERNA. SERNA also uttered threats and racial epithets. All this was in front of the same series of witnesses. The incidents were all intertwined and the parties were all the same.

**B. The Cases Should Be Related**.

This is a textbook situation for the relating of these two cases. Local Rule 3-12 provides:

(a) Definition of Related Cases. An action is related to another when:
 (1) The actions concern substantially the same parties, property, transaction or event; and
 (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

It cannot be disputed that the Myers and Jackson lawsuits each case will require the same discovery, identical fact questions, and identical issues to be resolved either by motion or trial. All four civilian plaintiffs will need to be deposed *as to what occurred at the Ferry Building*, and Officers SERNA and MORIYAMA will also be deposed about the same incident. In addition, any third

party witnesses who will need to appear by subpoena will need to testify only once if the cases are related. The simple fact is that by relating the cases, any discovery disputes which arise can be expeditiously dealt with by one judge without the prospect of conflicting rulings.

*Both cases involved what happened at the parking lot and its immediate vicinity during the episode of SERNA's beating, manhandling, chemical spraying and falsely charging and arresting Mr. and Mrs. Myers and Mr. Jackson, and Ms. Mendez.* It is a *single episode* with the same players although SERNA did manage to make it drawn out and elaborate by assaulting, battering and falsely charging and imprisoning so many people at one time.

Officer MORIYAMA to disgracefully backed up his partner SERNA's play. The rest of the allegations in both complaints are virtually identical regarding the conduct of the Police Chief and the City and County of San Francisco in allowing SERNA to continue his years of assaulting and battering the residents and visitors to San Francisco. SERNA's abuses are so notorious that his name, and his name alone, was singled out in an Editorial in the San Francisco Chronicle as an example of a bad situation growing way out of hand. The allegations, and the proofs, and the depositions, the witnesses, the motions before the court including the MONNELL claim and other discovery motions will be the same in both the MYERS and the JACKSON case.

These cases assert substantially identical claims, with identical defendants, based on mostly the same facts. There will necessarily be a duplication of labor and expenses due to overlapping issues, as well as duplicative discovery, and possibly substantive motions, with the potential of conflicting results if the cases proceed in front of different Judges. See N.D. Cal. Civ. L. R. 3-12(a).

C. **The City's Refusal to Stipulate to Relate the Myers and Jackson Lawsuits.**

Plaintiffs' counsel in *Jackson* case asked, before filing this motion (per Local Rule 7-11(a)) that Defendants stipulate to relate the *Jackson* and *Myers* cases. Declaration Cheasty. Deputy City

Attorney Sean Connolly, who represents the same defendants in both cases – refuses to stipulate. The City cannot deny the focus of both cases is going to be what occurred at the Ferry Building lot. Yet, defense counsel Connolly claims the events leading up to the incident factually distinguish the two cases. Specifically, SERNA was looking for plaintiff Jackson as Jackson allegedly assaulted another motorist in a traffic altercation. (Plaintiffs dispute these allegations.) The Defendants' refusal to stipulate, and opposition to this Motion *makes no sense.* At bar is the violation of the rights of the four Plaintiffs that occurred at the Ferry Building. What happened before is merely what brought the officers to the Plaintiffs, whose civil rights were violated in the same episode.

One final, and obvious, point. Defendants rely on Judge's Larson order denying a motion to relate the *Myers* lawsuit with another case involving SERNA, *Oliver v. CCSF*. That ruling has no bearing here. In denying a motion to relate, Judge Larson found that the *Oliver* and *Myers* lawsuits "involved entirely distinct incidents occurring over a period of nine months." The two cases sought to be related here involved the same incident occurring over a matter of minutes, not different incidents occurring over a matter of months. Ultimately, the discovery and the motions in the Myers and Jackson lawsuits are all going to focus on the events at the Ferry Building on February 24, 2007 and that is why common sense dictates the cases should be related.

**Conclusion**

Plaintiffs thus respectfully submit that the two actions should be deemed related and transferred to Magistrate Judge Marie Elena James, who was assigned the earlier filed Myers action and to whom the parties in that case stipulated to, and the Jackson Plaintiffs will stipulate to.

Dated: August 4, 2008                                         Respectfully submitted,

                                                              /s/
                                                              Robert C. Cheasty
                                                              Attorneys For Plaintiffs