1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:      (415) 554-3863
6  Facsimile:      (415) 554-3837
   E-Mail:         sean.connolly@sfgov.org
7
   Attorneys for Defendants,
8  CITY AND COUNTY OF SAN FRANCISCO ET AL.

9
   FREITAS MCCARTHY MCMAHON ET AL
10 MATTHEW MANI, ESQ. State Bar # 172679
   1108 Fifth Ave., Third Floor
11 San Rafael, CA 94901
   Telephone:      (415) 456-7500
12 Facsimile:      (415) 456-0266
   E-Mail:         mmani@freitaslaw.com
13
   Attorneys for Plaintiffs
14 SHAWN MYERS and SARAH MYERS

15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18 SHAWN MYERS and SARAH MYERS,            Case No. C08-01163 MEJ

19              Plaintiffs,                **JOINT CASE MANAGEMENT
                                           CONFERENCE STATEMENT**
20         vs.
                                           Hearing Date:   September 4, 2008
21 CITY AND COUNTY OF SAN                  Time:           10:00 a.m.
   FRANCISCO, a municipal corporation;     Place:          Before Judge Maria-
22 HEATHER FONG, in her capacity as                        Elena James,
   Chief of Police for the CITY AND                        CourtRoom B, 15 Floor,
23 COUNTY OF SAN FRANCISCO; JESSE                          450 Golden Gate Avenue,
   SERNA, individually, and in his capacity               San Francisco, CA
24 as a police officer for the CITY AND
   COUNTY OF SAN FRANCISCO; GARY
25 MORIYAMA, individually and in his
   capacity as a police officer for the CITY
26 AND COUNTY OF SAN FRANCISCO;
   and San Francisco police officers and
27 employees, DOES 1 through 50, inclusive,

28              Defendants.

FURTHER JOINT CASE MANAGEMENT STAT.                1                    n:\lit\li2008\080047\00505223.doc
CASE NO.  C08-01163 MEJ

The parties submit the following case management statement pursuant to *The Standing Order for All Judges of the Northern District of California.*

### 1.     Jurisdiction and Service

This lawsuit is properly before this Court because it raises a federal question.  Specifically, plaintiff alleges cause of actions under 42 U.S.C. section 1983 for alleged violations of plaintiff's constitutional rights by officers of the San Francisco Police Department.

### 2.     Facts

**Defendants' Version:**

On February 24, 2007, near the intersection of 5th and Mission Streets in San Francisco Jamal Jackson brutally beat the driver of another car in a road rage incident.  Jackson started the incident, followed the unsuspecting victim, and then while the victim was stopped at a traffic light, walked up and battered the victim through the window of the victim's car.   Jackson then fled in his own vehicle. Jackson ditched his car, a white Nissan Sentra, near the Ferry Building and disappeared.  A good Samaritan, who had followed plaintiff to the Ferry Building, saw San Francisco defendant police officers on patrol and informed them of her observations and pointed to the car.  After searching the area defendants contacted Jackson and attempted to arrest him.  Jackson resisted and then later fled the scene.  Jackson was later arrested nearby hiding in an alcove near Justin Herman

As they inspected Jackson's car, the officers were approached by plaintiff, Shawn Myers, who informed them that he had seen the driver exit the white car and run into a nearby parking lot. Officers Serna and Moriyama ran to the parking lot to search it.  Plaintiff Myers had deliberately misinformed and mislead the officers.  As the officers attempted to search the parking lot Jackson reappeared from an entirely different direction totally inaccessible to the parking lot.  The officers attempted to contact Jackson and an accomplice who admitted to owning the car.   When they tried to arrest them Jackson resisted, which required Officer Serna to use reasonable force to effect the arrest.

As the officers attempting to arrest Jackson and his accomplice, plaintiff, Myers, approached and began interfering with the arrest by challenging the officers and telling the officers that he "had something for them."  When asked by the officers to back away from the arrest, Myers refused and

then challenged the officers saying, "fuck you… shoot me mother fucker…" while at the same time reaching into his jacket pocket. The officers told Myers to take his hands out of his pockets, but he refused. Because Myers was interfering in the arrest, threatening the officers, and because they feared that Myers might be armed or dangerous, the officers turned their attention toward Myers and attempted to arrest him. However, when the officers approached Myers, he began to struggle. At 6'1" and 210 lbs, the officers had a difficult time containing him. It was during this struggle that suspect Jackson fled despite being handcuffed. Myers had succeeded in helping Jackson escape. Myers caused minor injuries to Officer Moriyama including injuries sustained when Myers bit Moriyama on the hand.

While the officers tried to arrest Myers, despite being without handcuffs, Sarah Myers appeared from nowhere and charged the officers as if she were going to attempt to free Myers or otherwise interfere. Because the officers were still struggling with the combative Myers, and because they were without handcuffs, or back-up, and were vulnerable to assault, and had no way to stop Sarah Myers from assaulting them or interfering, she was pepper sprayed.

Eventually, back up units arrived and Shawn and Sarah Myers were arrested. The officers used a reasonable and necessary amount of force to effect the arrest of both Myers. Jackson was apprehended a short time later hiding in Justin Herman plaza. The officers deny the allegations in the complaint and deny the use of derogatory language included in plaintiff's complaint.

**Plaintiffs' Version:**

On the afternoon of February 24, 2007, Plaintiffs SHAWN MYERS and SARAH MYERS, husband and wife, went on a cruise on the Red and White Fleet out of Pier 1 in San Francisco. Following the cruise, the couple exited the ferry and walked to a valet kiosk in the parking lot immediately adjacent to the San Francisco Ferry Building and stood in line, waiting to pay for and pick up their vehicle.

The couple saw a white car pull to the curb and park. The three occupants exited the car and walked past the couple and out of their sight. Shortly thereafter, a marked San Francisco Police van pulled to the curb proximate to the white car. Two officers, later determined to be Defendants SERNA and MORIYAMA, exited the van, examined the white car, and then began to look around

the immediate area in an apparent attempt to locate the occupants. The driver of the vehicle returned and was grabbed by Officer Serna, who placed his arms behind his back and handcuffed him. During the cuffing, Defendant SERNA violently struck the man in the right lower back with his fist SERNA and MORIYAMA then threw the man to the ground. The man called out to the bystanders, asking if anyone saw what the officers were doing to him, and whether anyone would testify about the conduct of the officers. SHAWN MYERS stepped forward and stated that he had witnessed what was going on. Defendant SERNA thereupon stood, aggressively approached SHAWN MYERS, told him that he was under arrest for a felony and that he was going to jail. SHAWN MYERS repeatedly asked why he was under arrest. SERNA did not respond to this repeated inquiry, instead grabbing SHAWN MYERS around the throat and throwing him to the ground in a prone position. Officer SERNA had one knee in the back of SHAWN MYERS' neck and the other in his lower back while placing him in an "arm bar." Officer MORIYAMA assisted with the detention and arrest throughout. During this assault, SHAWN MYERS asked repeatedly why the Officers were doing this to him, also receiving no response.

Plaintiff SARAH MYERS, witnessing this brutal treatment of her husband, also asked why the officers were doing this to him. In response, and without warning or any verbal communication at all, Officer SERNA turned and discharged his O.C. canister in SARAH MYERS' face. She was immediately in agony and unable to see, having trouble breathing as her face and mouth burned. She sat on the ground and listened as her husband pleaded with the officers to release his arm and stop their attack.

SHAWN MYERS was placed in the rear of a police van. While he was being arrested, Officer SERNA repeatedly referred to him as "boy." When SHAWN MYERS was in the back of the van and handcuffed, Officer SERNA entered and began verbally abusing him, calling him a "monkey," telling him that "monkeys belong in cages," telling him, "that's an ugly looking white woman you got there. Couldn't you get a prettier one?" And, in response to SHAWN MYERS informing him that he was a husband and father, telling him, "You probably don't even know how many illegitimate kids you got."

SHAWN MYERS was transported to the San Francisco jail at 850 Bryant Street, where he was held until posting bail 6 days later.  He was charged with a felony violation of California Penal Code Section 69, since dismissed; a misdemeanor violation of California Penal Code Section 69; a misdemeanor violation of California Penal Code Section 243(b); and a misdemeanor violation of California Penal Code Section 148(a)(1).  His case is set for trial in July of 2008.

SARAH MYERS was arrested on charges that she resisted, obstructed or delayed a police officer in the performance of his duties.  She was handcuffed at the scene and left for many minutes on the back of a fire truck that responded to the area.  She was then placed in the rear of a police patrol car and transported to Central Station, where her hands were cuffed behind her to a wall and she was left for what amounted to more than an hour.  She was ultimately cited and released that evening.  No charges were ever filed against SARAH MYERS.

### 3.     Legal Issues

Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiffs.

Whether the officers used reasonable force against plaintiffs

Whether the officers are entitled to qualified immunity.

Whether Plaintiff(s) resisted arrest, delayed, or hindered an investigation.

Whether Defendants' caused any of plaintiff's alleged damages.

Whether Plaintiff was at fault for any damages that he or she sustained.

Plaintiffs claims include violation of 42 USC §1983 against officers SERNA and MORIYAMA for excessive force and false arrest, and against Chief FONG and the CITY for *Monell* violations.  Plaintiffs allege that SERNA has a significant history of using excessive force and fabrication, which Defendant CITY ratified through its deliberate indifference.  Plaintiffs also allege ancillary State Law causes of action, including assault and battery, false imprisonment, intentional infliction of emotional distress, violation of Civil Code Sections 51.7 and 52.1, and negligence.

### 4.     Motions

Defendants may move for summary judgment or partial summary judgment.

Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the underlying liability issues.

Defendants may move to bifurcate punitive damages issues and discovery from other issues in the case.

**5.    Amendment of Pleadings**

The parties do not anticipate amending the pleadings.

**6.    Evidence Preservation**

The parties have preserved evidence.

**7.    Disclosures**

The parties will engage in initial disclosures pursuant to Fed. R. Civ. P. 26, and have agreed by to conduct disclosures by the date for hearing.

**8.    Discovery**

No discovery has yet been conducted.  The parties request discovery as outlined by the Federal Rules of Civil Procedure.

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

Plaintiffs in various other actions have attempted to relate this or other cases involving Officer Serna with no success.  (*Hwang v. City and County of San Francisco, et al.*, case no. C 07 2718 MCC (Date of incident:  May 12, 2007),  *Maestrini v. City and County of San Francisco, et al.*, case no. C07 2941 PJH (Date of incident:  October 29, 2006), *Oliver v. City and County of San Francisco, et al.*, case no. C 07 02460 JL (Date of incident:  August 20, 2006), and *Jackson v. City and County of San Francisco, et al.*, C08-1916 SBA (Date of incident: February 24, 2007)).

Defendants oppose any motion to relate the above named cases as they involve different facts, different parties, and different legal issues.  Furthermore, on August 14, 2007, Magistrate Judge Larson denied a motion to relate *Oliver*, *Maestrini*, and *Hwang*.  On June 26, 2008, Judge Larson again denied another attempt by plaintiffs to relate cases.

1    Plaintiff in *Jackson v. City and County of San Francisco, et al.*, C08-1916 SBA has moved to

2  relate that case to this.  The City opposed the motion.  It appears to be still pending.

3    **11.    Relief**

4    Plaintiff is seeking damages, punitive damages, attorneys fees, and costs.  Defendants are

5  seeking attorneys fees and costs.

6    **12.    Settlement and ADR**

7    The parties request a settlement conference before a magistrate judge.  Failing that, the parties

8  have agreed to participate in mediation.

9    **13.    Consent to a Magistrate**

10    The parties do not consent to trial of this case by a United States Magistrate Judge.

11    **14.    Other References**

12  The case is not suitable for such a reference.

13    **15.    Narrowing of Issues**

14  The parties are not in agreement about any of the legal issues in this case.

15    **16.    Expedited Schedule**

16  This case is not suitable for an expedited schedule.

17    **17.    Scheduling**

18    The Court will need to set dates for the close of discovery, summary judgment (hearing and

19  briefing), and expert disclosures.

20    **18.    Trial**

21    The parties propose a trial date of February, 2010.

22  / / /

23  / / /

24  / / /

25

26

27

28

19.    **Disclosure of Non Party Interested Entities**

The parties are unaware of nonparties with such an interest in this lawsuit

Dated:  August 28, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy


By:  s/Sean F. Connolly
SEAN F. CONNOLLY
Deputy City Attorney

Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO, et al.

Dated:  August 28, 2008

FREITAS MCCARTHY MCMAHON ET AL
MATTHEW MANI, ESQ.


By:  s/Matthew Mani
MATTHEW MANI, ESQ

Attorneys for plaintiffs SHAWN AND SARAH
MYERS