THOMAS F. KEATING, State Bar #76972
Freitas McCarthy MacMahon & Keating LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
Telephone:    (415) 456-7500
Facsimile:    (415) 456-0266
E-Mail:       tkeating@freitaslaw.com

MATTHEW C. MANI, State Bar #172629
Law Offices of Matthew C. Mani
1108 Fifth Avenue, Suite 202
San Rafael, CA 94901
Telephone:    (415)456-7800
Facsimile     (415)456-7801
E-mail:       mattmanilaw@yahoo.com

Attorneys for Plaintiffs
SHAWN MYERS and SARAH MYERS

ROBERT C. CHEASTY, State Bar No. 85115
Cheasty & Cheasty
1604 Solano Avenue
Berkeley, CA 94707
Telephone:    (510)525-1000
Facsimile     (510)526-3672
E-mail:       rcheasty@cheastylaw.com


Attorneys for Plaintiffs
JAMAL JACKSON and JANNIE MENDEZ

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar # 152235
WARREN METLITZKY, State Bar #220758
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863 [Connolly]
Telephone:    (415) 554-3916 [Metlitzky]
Facsimile:    (415) 554-3837
E-Mail:       sean.connolly@sfgov.org
E-Mail:       warren.metlitzky@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL JACKSON; JANNIE MENDEZ, | Case No. C08-1916 MEJ |
| Plaintiffs, | |
| vs. | Trial Date:   None Set |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; et al. | **JOINT STIPULATION AND [PROPOSED] ORDER RE DISCOVERY** |
| Defendants. | (Pursuant To the Court's Standing Order ¶2 and the Court's October 4, 2010 Order) |
| SHAWN MYERS and SARAH MYERS, | Case No. C08-01163 MEJ |
| Plaintiffs, | |
| vs. | Trial Date:           Not set |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; et al. | |
| Defendants. | |

Hon. Maria-Elena James
United States District Court
Courtroom B, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge James:

We write regarding depositions and discovery in the above-captioned consolidated matters. Pursuant to the Court's Standing Order Paragraph 2 and the Court's October 4, 2010 Order, the parties file this letter in lieu of a motion to compel discovery. The parties have met and conferred in person regarding the depositions sought in this letter, as required by the Court's Standing Order and the Court's October 4, 2010 Order. The parties have resolved the outstanding discovery issues, and no further issues remain at this time.

### BACKGROUND

Plaintiffs in the instant consolidated cases (*Myers* and *Jackson*) allege that defendant San Francisco Police Officers Gary Moriyama and Jesse Serna violated their constitutional rights by *inter alia* arresting plaintiffs and using excessive force against them, and that this conduct was a result of a pattern and practice by Defendants City of County of San Francisco and Police Chief Heather Fong.

Plaintiffs Jamal Jackson and Janie Mendez filed their complaint on April 16, 2008, and plaintiffs Shawn and Sarah Myers filed their complaint on February 27, 2008. The Court ordered that the cases be consolidated for the purposes of discovery. There is no trial date set.

By stipulation of the parties, the Court twice ordered that discovery be extended. Fact and expert discovery closed on September 13, 2010. The parties were unable to complete noticed depositions by that date, and were unable to reach agreement on the scope and length of a discovery extension.

On September 22 and 23, 2010 the parties submitted separate pleadings to the Court. The Court ordered the parties submit a joint letter by September 30, 2010. The parties were unable to meet and confer in person, and the Court ordered that the parties appear on October 19, 2010 for an in-person meet and confer session.

### STIPULATION

As a result of the parties' meet and confer session, the parties have agreed that the following depositions should take place on or before January 7, 2011, and request that the Court order that the depositions be allowed to proceed on or before that date.

- Dr. Mark Shapiro, plaintiffs' non-retained expert
- Dr. Mark Kimmel, plaintiffs' retained psychological expert
- Roger Clark, plaintiffs' retained police practices expert
- Don Cameron, defendants' retained police practices expert
- Dr. Joanna Berg, defendants' retained psychological expert
- Dr. Syers, defendants' retained oral surgeon
- Luis Castillo, third party witness
- Joseph Carullo, third party witness
- Rule 30(b)(6) deposition of the San Francisco Police Department on Topics #1-6 (*see* September 1, 2010 PMK Deposition Notice, attached), with questions regarding personnel records limited to the five years prior to the incident date and further limited to the topics of excessive force, false arrest, fabrication and racism. Plaintiffs acknowledge that the term "training" as set forth in Topic #1 refers to subsequent, remedial and corrective training of the officer, if any.

The parties have further agreed to the following:

- The reports of Dr. Kimmel and Dr. Berg be exchanged simultaneously on Friday, October 30. Reports will be emailed or hand served, and then served via U.S. mail. Raw data will be exchanged between the experts in a means determined by the experts on or before Friday, October 30.

- Defendants will produce OCC complaints, use of force log entries for Officer Serna, the SFPD's Early Warning System policy, the SFPD's use of force policy in effect at the time of the incident, and documents, to the extent any such documents exist, that memorialize any disciplinary actions or remedial measures taken against Officer Serna. All documents will be limited in time to the five years preceding the incident and limited to the topics of excessive force, false arrest, fabrication and racism.

- As a result of his failure to appear for his deposition pursuant to defendants' deposition subpoena, that Court should order third party deponent Joseph Carullo to appear for a deposition within 30 days of the issuance of the order.

- The parties agree to enter into and submit to the Court a proposed Protective Order covering all documentation and testimony regarding the Rule 30(b)(6) deposition.

**Reservations of Rights**

Defendants contend that plaintiffs' expert disclosure was untimely and does not comply with the Federal Rule of Civil procedure, and may move the Court to exclude some or all of plaintiffs' experts on that basis. Nevertheless, in order to ensure that defendants are not handicapped should the Court allow plaintiffs' experts to testify at trial, defendants have requested that they be allowed to depose plaintiffs' experts. Defendants do not waive their right to later object to plaintiffs' experts' testimony at trial.

The parties do not anticipate the need for further discovery beyond this stipulation, but will address any issue that arises and, if necessary, bring them to the Court's attention.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

DENNIS J. HERRERA
City Attorney

/s/
Warren Metlitzky
Deputy City Attorney

Attorneys for Defendants

/s/
Matthew C. Mani
Attorney for Plaintiffs
Shawn and Sarah Myers

/s/
Robert Cheasty
Attorney for Plaintiffs
Jamal Jackson and Jannie Mendez

SO ORDERED.

DATE: 10/19/10

_____
HONORABLE MARIA-ELENA JAMES