IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MYERS, et al., | No. C 08-1163 MEJ |
| Plaintiffs, | **ORDER RE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINT STATEMENT OF UNDISPUTED FACTS** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: Docket Nos. 96, 134, 143 |
| Defendants. / | |

On January 26, 2012, Defendants filed a motion for partial summary judgment. Dkt. No. 96. In their opposition, Plaintiffs objected that Defendants' motion failed to comply with this Court's Standing Order and Civil Local Rule 56-2(b), which require a party moving for summary judgment to meet and confer with the opposing party and file a joint statement of undisputed facts along with their motion. Dkt. No. 127 at 1. Defendants then filed an administrative motion that acknowledged their error and asked the Court to waive the requirement for a joint statement in this case. Dkt. No. 134. Plaintiffs have opposed this request and seek sanctions against Defendants for their conduct. Dkt. No. 137.

Plaintiffs' request for sanctions is DENIED. This request is procedurally improper because it fails to comply with Civil Local Rule 7-8's requirement for seeking sanctions. Moreover, the Court finds that there is no need to sanction Defendants for what appears to be an innocent error that can be corrected.

The lack of a joint statement, however, is problematic for the Court's evaluation of Defendants' motion. Many of the claims challenged by Defendants require the Court to evaluate whether the conduct of the police officers involved was reasonable. This means that the Court must

determine which facts concerning Plaintiffs' arrests are material and undisputed. As Defendants themselves concede, this matter contains "a tedious factual background" with many "percipient witnesses." Dkt. No. 134 at 2. Defendants' omission of a joint statement essentially shifts the burden of sorting through the record in this case from the attorneys of record to the Court. The Court declines to accept this burden. While it is mindful that requiring the parties to meet and confer and develop a joint statement — and then resubmit their briefs based on this joint statement — will increase the amount of time spent and fees incurred by the attorneys, it will also, as Plaintiffs explain, "narrow the issues of actual contention, and likely, [] educate both sides regarding the summary judgment motion such that the Court is not presented a 'kitchen-sink' motion challenging issues and causes of action which clearly survive or clearly fail in summary judgment." Dkt. No. 137 at 3.

To provide the parties with an example of why a joint statement is needed and to guide them in the preparation of such a statement, the Court notes the following. It appears that one of the key issues in Defendants' motion is whether Shawn Myers' hands were in his coat pockets when Officer Jesse Serna approached him. Because the parties have not submitted a joint statement, the Court is forced to review the deposition testimony of Shawn Myers, Sarah Myers, and Jamal Jackson to determine if this fact is disputed, particularly because Plaintiffs' opposition does not directly address it. A better approach, and one that does not compel the Court to comb through the voluminous record in this case, is for the parties to meet and confer on this issue. If either of the parties fails to meet and confer in good faith, or contend that a fact is in dispute without any substantial justification, this may be grounds for sanctions.

Many of the current factual disputes between the parties may also be resolved through a productive meet and confer session. Because the Court is required to evaluate the evidence on summary judgment in a light most favorable to the nonmoving party, Defendants may wish to limit the amount of disputed factual issues by adopting, for the limited purposes of their summary

2

judgment motion, facts that this Court will eventually have to view in the Plaintiffs' favor.[1] If Defendants wish to provide additional material facts so that the Court has some context as to what transpired, it can provide these in a separate statement of disputed facts. Furthermore, meeting and conferring may allow the parties to reach an agreement that certain *testimony* is undisputed so that the Court is not required to examine this issue.[2]

For the foregoing reasons, Defendants' motion for partial summary judgment is DENIED WITHOUT PREJUDICE. If Defendants wish to refile a motion for partial summary judgment on the same claims, or on fewer claims, they must do so before March 28, 2012. Any motion must comply with this Court's Standing Order and include a joint statement of undisputed facts.

**IT IS SO ORDERED.**

Dated: March 2, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] For instance, rather than arguing that Shawn Myers challenged Officer Serna by saying "you're going to have to shoot me, motherfucker," Defendants may wish to adopt for the purposes of this motion that Myers only asked Officer Serna if he "was going to shoot me in front of all these witnesses."

[2] For instance, Plaintiffs are not required to concede that Shawn Myers' hands were in his coat pockets if that was not the case, but they can admit that at one point in his deposition he testified that he believed his hands were in the pockets of his jacket.

3