Thomas F. Keating, Jr. (SBN 76972)
FREITAS MCCARTHY MACMAHON & KEATING, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
Telephone: (415) 456-7500
Facsimile: (415) 456-0266
E-Mail: tkeating@freitaslaw.com

Matthew C. Mani (SBN 172629)
LAW OFFICES OF MATTHEW C. MANI
1108 Fifth Avenue, Suite 202
San Rafael, CA 94901
Telephone: (415)456-7800
Facsimile: (415)456-7801
E-mail: mattmanilaw@yahoo.com

Attorneys for Plaintiffs SHAWN MYERS and SARAH MYERS

**DENIED**
Judge Maria-Elena James

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MYERS and SARAH MYERS,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.<br>──────────────────<br>JAMAL JACKSON; JANNIE MENDEZ<br><br>　　　　　Plaintiffs<br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.<br><br>　　　　　Defendants. | Case No. C 08-01163 EMC<br><br>**PLAINTIFFS' REQUEST FOR TELEPHONIC CONFERENCE TO FASHION ALTERNATIVE PROCEDURE PER STANDING ORDER 3; DECLARATION OF THOMAS F. KEATING, JR.**<br><br>Trial Date:　　　Not set |

Freitas, McCarthy,
MacMahon & Keating, LLP
1108 Fifth Avenue
Third Floor
San Rafael, CA 94901
415-456-7500

00070949.DOC

Request for Telephone Conference &
Declaration in Support

## I. MEET AND CONFER EFFORTS REGARDING DISCOVERY IS FUTILE

Plaintiffs have numerous outstanding discovery issues, including an outstanding request for production of documents to Defendant City and County of San Francisco as well as an numerous iterations of outstanding PMK deposition notices of the same entity. Defendants have postponed this and other depositions in a repeated practice, effectively denying Plaintiffs this discovery. This discovery is directly relevant to Defendants' upcoming summary judgment motion.

Defendants have objected to Plaintiffs' request for production of documents and to Plaintiffs' PMK deposition notice based on their claim that discovery closed in 2011, stating "The defendant objects the the [sic] requests as being untimely. Fact discovery closed on January 7, 2011 per the Court's Order dated October 19, 2010" and "As far as I can tell from the record, plaintiffs' last day to conduct discovery was December 15, 2011." Plaintiffs believe discovery either remains open or can and should be reopened: per the October 19, 2010 stipulation and Court Order extending discovery deadlines, the parties noted that they "do not anticipate the need for further discovery beyond this stipulation, but will address any issue that arises."

Defendants will not meet and confer, whether by email, phone, or in person, re discovery issues as they claim discovery is closed, thus further efforts to meet and confer on this issue would be futile.

## II. PLAINTIFFS REQUEST THAT THE COURT SET A BRIEFING SCHEDULE TO ALLOW PLAINTIFFS TO PRESENT THEIR OUTSTANDING DISCOVERY ISSUES AND/OR REQUEST A REOPENING OF DISCOVERY

As Defendants position makes further efforts to meet and confer re outstanding and new discovery issues futile, enforcing the Court's meet and confer requirement in this regard would merely result in further delay. Consequently, per the Court's STANDING ORDER 3 which allows parties to seek a telephone conference "for the Court to fashion an alternative procedure", Plaintiffs request that the Court allow them to bring a motion on shortened time to address the issue of outstanding discovery, the status of whether discovery is open or closed, and/or to reopen discovery, particularly as no trial date is pending.

Freitas, McCarthy,
MacMahon & Keating, LLP
1108 Fifth Avenue
Third Floor
San Rafael, CA 94901
415-456-7500

00070949.DOC    1    Request for Telephone Conference & Declaration in Support

FREITAS McCARTHY MacMAHON & KEATING

Dated:  April 6, 2012            /s/
                                 Thomas F. Keating
                                 Attorney for Plaintiffs Shawn and Sarah Myers

## DECLARATION OF THOMAS F. KEATING, JR.

I, Thomas F. Keating, Jr., declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before the Northern District Courts, and am one of the attorneys for Plaintiffs Shawn and Sarah Myers, plaintiffs in C08-01163 MEJ.  I make this Declaration in support of Plaintiffs' request for a telephonic conference to fashion an alternative procedure, and state that the information contained herein is true of my own personal knowledge.  If called as a witness, I could and would testify competently to all items contained herein.

2. Plaintiffs have outstanding discovery issues, including an outstanding request for production of documents to Defendant City and County of San Francisco and numerous iterations of outstanding PMK deposition notices of the same entity.  This discovery is directly relevant to Plaintiffs' opposition to Defendants' upcoming summary judgment motion.

3. Plaintiffs have made numerous attempts to schedule a meet and confer session with Defendants in regards to the outstanding discovery issues.  On March 20, Plaintiffs sent an extensive meet and confer letter re the outstanding discovery issues.  A true and correct copy of that letter is attached as Exhibit A.

4. Following up with that letter, Plaintiffs' counsel sought to meet and confer with Defendants, proposing various times and dates to do so in person, via numerous emails sent on March 22, 23 and 27.

5. Defendants have objected to Plaintiffs' request for production of documents and to Plaintiffs' PMK deposition notice based on their claim that discovery closed in 2011, stating "The defendant objections [sic] to this request as untimely as discovery has closed", "Fact discovery closed on January 7, 2011 per the Court's Order dated October 19, 2010" and "As far as I can tell

Freitas, McCarthy,
MacMahon & Keating, LLP
1108 Fifth Avenue
Third Floor
San Rafael, CA 94901
415-456-7500

00070949.DOC                2                Request for Telephone Conference &
                                             Declaration in Support

1  from the record, plaintiffs' last day to conduct discovery was December 15, 2011."

2      6.    Attached as Exhibit B is a true and correct copy of Defendants email to Plaintiffs' counsel in which Plaintiff sought to meet and confer re outstanding discovery issues which states "As far as I can tell from the record, plaintiffs' last day to conduct discovery was December 15, 2011."

3      7.    Attached as Exhibit C is a sample page of Defendants' responses to Plaintiffs' Requests for Production of Documents, Set Two which states "The defendant objections [sic] to this request as untimely as discovery has closed."

4      8.    Plaintiffs believe discovery remains open or can and should be reopened: per the October 19, 2010 stipulation and Court Order extending discovery deadlines, the parties noted that they "do not anticipate the need for further discovery beyond this stipulation, but will address any issue that arises."

5      9.    The discovery which was anticipated to be completed from that October 19, 2010 stipulation and Order was, in fact, not completed.

6      10.    For example, Plaintiffs noticed the City's PMK deposition September 1, 2010, yet the City has not produced their PMK. Per the most recent discovery Order, the parties agreed to deposing expert witnesses, including the City's person most knowledgeable, however none of the expert witnesses were deposed and neither was the City's PMK. Plaintiffs' counsel contacted Defense counsel re scheduling these depositions, but Defendants did not make their witnesses available.

7      11.    As pointed out in Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment which the Court has denied without prejudice, the outstanding discovery and depositions are relevant to Plaintiffs claims and causes of action in this case. There is no pending trial date, and Plaintiffs should be allowed to seek this discovery.

/s/
_____
Thomas F. Keating, Jr.

Freitas, McCarthy, MacMahon & Keating, LLP
1108 Fifth Avenue
Third Floor
San Rafael, CA 94901
415-456-7500

00070949.DOC     3     Request for Telephone Conference & Declaration in Support

BRYAN R. MCCARTHY
JAY R. MACMAHON
THOMAS F. KEATING, JR.
ROBERT J. TURRINI
NEIL J. MORAN
PETER A. KLEINBRODT
CHRISTIAN F. KEMOS

CARLOS R. FREITAS (1904-1979)
RICHARD V. BETTINI (1923-1999)

# FREITAS McCARTHY MACMAHON & KEATING
## ──LLP──
### ATTORNEYS AT LAW

WESTAMERICA BLDG.
THIRD FLOOR
1108 FIFTH AVENUE
SAN RAFAEL, CA 94901
415-456-7500
FAX 415-456-0266
INQUIRY@FREITASLAW.COM
WWW.FREITASLAW.COM

BRANCH OFFICES
11150 SIR FRANCIS DRAKE BLVD.
POINT REYES STA., CA 94956
415-663-1333

March 20, 2012

Sean F. Connolly
City Attorney's Office
Fox Plaza-1390 Market St., 6th floor
San Francisco, CA 94102

**RE:** *Myers v City & County of San Francisco*

Dear Mr. Connolly:

I write in accordance with Judge James, September 23, 2010 Standing Order re Discovery and Dispute Procedures concerning the City's refusal to produce its person most knowledgeable for deposition and the City's Response to Plaintiff Shawn Myers' Second Request for Production of Documents.

I had thought that we would have an answer to your objections to this discovery in the Court's ruling on your motion for summary judgment. Now that the hearing on the motion has been continued, I do not believe that a resolution of the issues raised by your objection should be delayed any further. Therefore, I write at my earliest opportunity, having been involved, over the last 3 weeks in a trial in Napa County.

### City's Person Most Knowledgeable

Plaintiffs' deposition of the City's Person Most Knowledgeable was noticed a year and one half ago on September 1, 2010. The City is nevertheless yet to produce its person most knowledgeable. We inquired in November of 2010 as to when the PMK would be produced, dates in June were discussed but we were informed that you had some unexpected medical issues and would be out of the office for an indeterminate time and that your associate, Warren Metlitzky, did not have a free moment until September or October. In July we offered to take the deposition in August. Your associate responded that he was not available in August but that he thought you would be back but still had no definite return date. We respected that.

Matt Mani indicated that other than a trial in October, he was available and asked your associate to provide some dates. When that didn't occur, I contacted you in December. You responded that the matter should be taken up after the January 20, 2011 settlement conference. Four court days after the settlement conference you filed your



Sean Connolly
March 20, 2012
Page 2 of 3

motion for summary judgment. As indicated above, I thought the summary judgment motion would bring a ruling on whether we would be entitled to the discovery. To date, however, it has not. As set forth below, we do not believe that discovery is closed and would like to have a date for the deposition as soon as possible.

Toward that end, I am enclosing an amended notice for the taking of the deposition. In the mean time we would like to meet and confer with you concerning the deposition so that it may be taken on the date that it is noticed for and in time for the motion for summary judgment.

### Second Request for Production

Insofar as our Second Request for Production is concerned, request No. 13 seeks, "Any and all transcripts, documents, records, audio recordings, video recordings, and/or other tangible material of any San Francisco Police Commission hearing relating to us of force and/or police misconduct by Officer JESSE SERNA and/or Officer GARY MORIYAMA." Our request No. 14 seeks, "Any and all deposition transcripts of Officer JESSE SERNA and Officer GARY MORIYAMA taken in a civil case regarding their use of force or misconduct.

You have produced no documents in response to the request repeating the same objections to both requests, that discovery is closed, that the documents sought are not relevant, that the request is vague, ambiguous and is so overbroad, burdensome and oppressive such that it constitutes harassment or a frivolous attempt to discover sensitive information, that it violates your clients right to privacy and seeks information protected by statute as a peace officer personnel file, on the basis of the official information privilege and investigative privilege, that such documents are a matter of public record and are equally available to Plaintiff and finally on the ground that the request was made in bad faith as the discovery deadline has passed.

I do not believe that discovery is closed. In the October 19, 2010 stipulation and Court Order extending discovery deadlines,[1] the parties noted that they "do not anticipate the need for further discovery beyond this stipulation, but will address any issue that arises. Obviously, Serna's firing is such an issue.

Insofar as relevance is concerned, any evidence that is reasonably calculated to lead to the discovery of admissible evidence is relevant for discovery purposes. The request for the transcript of the police commission hearing which dealt with the facts of this very case, as well as the request for the depositions of Officers Serna and Moriyama in similar cases are certainly calculated to lead to the discovery of admissible evidence.

---

[1] While the order as prepared by counsel recites in the "Background" section that discovery closed on September 13, 2010, a review of the file discloses no such order.

Sean Connolly
March 20, 2012
Page 3 of 3

    Our requests seem straight forward to me. If you believe they are vague, I would appreciate knowing what confuses you. Perhaps we can clear it up.

    You also reference a number of privileges but provide no citations. I would appreciate your citing those privileges so we may test them.

    Plaintiffs are prepared to met and confer in good faith regarding your response. We look forward to hearing from you. Your early reply would be appreciated as we would like to resolve these issues and complete the above referenced discovery before our opposition to your motion for summary judgment is due.

                                                  Very truly yours,

                                                  Thomas F. Keating, Jr.

Enclosure

TFK:dls

# Thomas Keating, Jr.

**From:** Sean.Connolly@sfgov.org
**Sent:** Wednesday, March 28, 2012 12:12 PM
**To:** Thomas Keating, Jr.
**Subject:** RE: FW: Myers v City & County of SF

Is this your way of asking to meet and confer? If so, what are we meeting and conferring about? As far as I can tell from the record, plaintiffs' last day to conduct discovery was December 15, 2011. The last day plaintiff should have met and conferred and moved to compel any outstanding discovery to which they thought they were entitled, was December 21, 2011. The fact that plaintiffs have now twice issued subpoenas that were months untimely and unauthorized by the court is bad faith. Further, plaintiffs raised this issue, improperly, in their opposition to defendants motion for partial summary judgment. If the court had thought there was any merit to the issue that warranted correction, I am sure it would have ruled accordingly. However it didn't.

Plaintiffs need to acknowledge that they made a tactical decision not to pursue the PMK deposition, and must live by it. Defendants made a tactical decision not to take certain expert depositions in reliance on plaintiffs strategy- and are living with it. ( Most plaintiffs in civil rights cases don't take that deposition anyway. Defendants maintain that such a deposition would be irrelevant, fruitless, and a waste of time and money-- it's hard not to wonder whether this is a veiled attempt by plaintiffs to run up fees). Alternatively, it may be the case that plaintiffs counsel, when switching attorneys, dropped the ball and neglected to take a deposition that they now want. Either way, plaintiffs attempt, almost four months after the close of discovery, to try an re-inject this issue into this litigation now is disingenuous and done in bad faith.

So again I ask, what topic do you wish to meet and confer? I am certainly willing to meet and confer with you on an issue ripe to do so, as I am presently with your colleague Mr. Kemos. However, the issue you have brought to my attention is moot.


Regards,


Sean F. Connolly
Deputy City Attorney
City and County of San Francisco

Office of the City Attorney
1390 Market Street, Suite 700
San Francisco, CA 94102

415-554-3863


**From:** "Thomas Keating, Jr." <tkeating@freitaslaw.com>
**To:** "Sean.Connolly@sfgov.org" <Sean.Connolly@sfgov.org>
**Cc:** Christian Kemos <ckemos@freitaslaw.com>
**Date:** 03/27/2012 09:49 AM
**Subject:** RE: FW: Myers v City & County of SF

EXHIBIT B

4/5/2012

| | |
|---|---|
| 1 | Without waiving these objections, the Defendant responds to the Request for Production of |
| 2 | Documents as follows: |

### REQUESTS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 13:**

Any and all transcripts, documents, records, audio recordings, video recordings, and/or other tangible material of any San Francisco Police Commission hearing relating to use of force and/or police misconduct by Officer JESSE SERNA and/or Officer GARY MORIYAMA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objections to this request as untimely as discovery has closed. Defendant further objects that this request exceeds the scope of permissible discovery, in that is not relevant to the subject matter involved in this action, is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is vague and ambiguous, and is so overbroad, burdensome and oppressive such that it constitutes harassment or a frivolous attempt to discover sensitive information. Defendant further objects to this request in that it violates defendants' right of privacy and seeks information protected by statute as a peace officer personnel file. Defendant further objects to this request in that it violates the official information privilege and the investigative privilege. Defendant further objects that to the extent any responsive documents exist, such documents are matter of public record and are equally available to plaintiff. Finally, defendant objects that plaintiff's request is made in bad faith as the discovery deadline referenced above has clearly passed.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all deposition transcripts of Officer JESSE SERNA and Officer GARY MORIYAMA taken in a civil case regarding their use of force or misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objections to this request as untimely as discovery has closed. Defendant further objects that this request exceeds the scope of permissible discovery, in that is not relevant to the subject matter involved in this action, is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request in that it is vague and ambiguous, and